IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF RODNEY HIRATA, AUDREY YONESHIGE, TRUSTEE AND BENEFICIARY,<br><br>           Plaintiff,<br><br>     vs.<br><br>JOHN J. IDA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ET AL.,<br><br>           Defendants.<br>_____ | CIVIL NO. 10-00084 LEK |

**ORDER GRANTING DEFENDANTS' MOTION**
**TO STRIKE PLAINTIFF'S JURY DEMAND**

On August 11, 2010, Defendants John J. Ida, in his individual and official capacities, Lorrin T. Matsunaga, in his individual and official capacities, and Urban Works, Inc. ("UWI") (collectively "Defendants") filed a Motion to Strike Plaintiff's Jury Demand ("Motion").  Plaintiff Estate of Rodney Hirata, Audrey Yoneshige, Trustee and Beneficiary ("Plaintiff") has not responded to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The hearing on the Motion, currently set for September 21, 2010 at 10:00 a.m., is HEREBY VACATED.

After careful consideration of the Motion and the

relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Rodney Hirata was a UWI employee from July 1, 1985 until his death on December 19, 2007. Plaintiff filed the instant Employee Retirement Income Security Act ("ERISA") action on February 19, 2010. Count I of the Complaint alleges that Defendants violated 29 U.S.C. § 1132(c)(1)(B) by failing to respond to Audrey Yoneshige's request for information about the valuation of Hirata's UWI stock within thirty days after the request. The Complaint alleges that this violation is actionable pursuant to 29 U.S.C. § 1132(a)(1)(A) and seeks a penalty of $51,000. Count II of the Complaint alleges that Defendants violated 29 U.S.C. § 1109(a)(1) by failing to notify Hirata and/or his beneficiary of the February 28, 2001 cancellation of UWI's group life insurance policy until February 28, 2008. As to Count II, the Complaint prayed for remedial damages of $150,000 or equitable relief in the form of restitution, specific performance, and/or a constructive trust of $150,000, or other appropriate relief. The Complaint includes a jury demand.

On May 28, 2010, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint. The Court dismissed Count I in its entirety and dismissed Count II as to Plaintiff's claim for monetary damages,

restitution, specific performance, and constructive trust.  Only Count II's general prayer for appropriate equitable relief remains.

Defendants now seek to strike Plaintiffs' jury demand, arguing that Plaintiff is not entitled to a jury trial on the only remaining claim in this case.

### DISCUSSION

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in "Suits at common law, where the value in controversy shall exceed twenty dollars[.]"  The phrase "'Suits at common law' refers to suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered."  Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (citations and some quotation marks omitted) (alterations and emphasis in original).

The Ninth Circuit has clearly held that there is no Seventh Amendment right to a jury trial in actions to recover equitable remedies available to a participant or beneficiary under ERISA.  See Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 997 (9th Cir. 2000).  Thus, insofar as the only remaining claim in the instant action is a claim for equitable remedies, Plaintiff is no longer entitled to a jury trial.  Cf. Kamen v.

Kemper Fin. Servs., Inc., 659 F. Supp. 1153, 1164-65 (N.D. Ill. 1987) (granting motion to strike jury demand because remaining claim sought "restitutionary relief").

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Strike Plaintiff's Jury Demand, filed August 11, 2010, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 16, 2010.



　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

**ESTATE OF RODNEY HIRATA, ET AL. V. JOHN J. IDA, ETC., ET AL; CIVIL NO. 10-0084 LEK; ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**