IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF RODNEY HIRATA, AUDREY YONESHIGE, Trustee and Beneficiary,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOHN J. IDA, in his individual and official capacities, LORRIN T. MATSUNAGA, in his individual and official capacities, URBAN WORKS, INC., DOE INDIVIDUALS 1-15, DOE ENTITIES 1-15,<br><br>    Defendants. | CIVIL NO. 10-00084 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES[1]

Before the Court, pursuant to a designation by United States District Judge Leslie E. Kobayashi, is Plaintiff Estate of Rodney Hirata, Audrey Yoneshige, Trustee and Beneficiary's ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses, filed April 12, 2011 ("Motion"). Plaintiff requests that the affirmative defenses identified in Defendants John J. Ida, Lorrin

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

T. Matsunaga, and Urban Works, Inc.'s (collectively "Defendants") Answer to Complaint, filed March 22, 2011 ("Answer"), be stricken.  Defendants filed their Opposition to the Motion on May 20, 2011, and Plaintiff filed her Reply on May 26, 2011.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED.

BACKGROUND

On February 19, 2010, Plaintiff filed her Complaint in this action, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Specifically, Plaintiff sought the following relief: a $54,000 fine as a result of Defendants' alleged violation of 29 U.S.C. § 1132(c)(1)(B) (Count I); remedial damages of $150,000 for Defendants' alleged violation of 29 U.S.C. § 1109(a)(1) (Count II), or in the alternative, equitable relief in the form of restitution, specific performance, and/or a constructive trust; attorneys' fees and costs; prejudgment interest; and other appropriate relief.

In lieu of filing an answer to Plaintiff's Complaint, Defendants filed a Motion to Dismiss on April 5, 2010. On May 28, 2010, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint ("Order"). The Court's Order dismissed Count I in its entirety and Count II as to Plaintiff's claim for monetary damages, restitution, specific performance, and constructive trust. As a result, Plaintiff's only remaining claim is Count II as to Plaintiff's general prayer for appropriate equitable relief.

Plaintiff asserts, and Defendants do not disagree, that the effect of the Court's Order was to give Defendants fourteen (14) days from the May 28, 2010 date of the Order, or until June 11, 2010, to timely file its Answer. See Fed. R. Civ. P. 12(a)(4)(A). It is undisputed that Defendants failed to file their Answer until March 22, 2011, more than nine months after it was due. In their Answer, Defendants asserted the following affirmative defenses: (1) the Court's May 28, 2010 Order dismissed all claims in Count I of the Complaint and the claims for monetary damages, restitution, specific performance, and constructive trust in Count II of the Complaint; (2) Plaintiff's claims are barred by the applicable statute of limitations; (3) Plaintiff is not the real party in interest; (4) Plaintiff lacks standing to maintain the claims alleged in the Complaint; (5) Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches; and (6) Defendants' intent to rely upon any

3

matter constituting an avoidance or affirmative defense as set forth in FRCP 8(c) and to seek leave to amend their Answer to allege any such matters of which they may become aware during discovery or trial.  By the instant Motion, Plaintiff moves for an order striking these affirmative defenses, but does not seek to strike the remainder of the Answer.  See Motion at 2, 10.

ANALYSIS

**A.   Legal Standard for Motion to Strike Affirmative Defenses**

Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP") provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The function of a Rule 12(f) motion to strike is to avoid the waste of time and money spent on litigating spurious issues by dispensing with those issues prior to trial.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed.  Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).

A defense is insufficiently pled if it fails to give the plaintiff fair notice of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  A matter is immaterial

if it has no essential or important relationship to the claim for relief pleaded. Fantasy, Inc., 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id.

Generally, motions to strike are disfavored. Wailua Assocs., 183 F.R.D. at 553; see also Barnes v. AT & T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (FRCP 12(f) motions are "generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits"). Indeed, a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. Wailua Assocs., 183 F.R.D. at 553-54. See also McArdle v. AT & T Mobility LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009) (stating that motions to strike affirmative defenses should only be granted "if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege"). If an affirmative defense is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. Wyshak, 607 F.2d at 826.

**B. Untimeliness of Answer**

Plaintiff's argues that Defendants' affirmative defenses should be stricken because Defendants' Answer was

untimely filed.  As a result of this untimeliness, Plaintiff
alleges that she will be unfairly prejudiced by having to invest
substantial time and expense to conduct "both pre-trial
litigation as well as trial."  <u>See</u> Motion at 5.  Also, if the
affirmative defenses are not stricken, Plaintiff contends that
Defendants' Answer "effectively encompasses a second attempt to
end this case without a trial," <u>see</u> <u>id.</u>, presumably in reference
to Defendant's April 5, 2010 Motion to Dismiss and other
dispositive motions that Defendants' might file prior to trial
based on the affirmative defenses asserted.

     As an initial matter, the mere fact that an answer was
untimely filed does not necessarily result in an automatic
exclusion of a defendant's affirmative defenses; rather, it is at
the trial court's discretion whether to impose such a sanction.
For example, in <u>McCabe v. Arave</u>, 827 F.2d 634, 639-40 (9th Cir.
1987), the Ninth Circuit held that a district judge did not abuse
his discretion by denying the plaintiffs' request that the
defendants' defenses be stricken from an answer that plaintiffs
received on the day of trial.  The court noted that FRCP 12 does
not provide a specific sanction for the late filing of an answer
but that the district court could, however, have imposed
sanctions by exercising its inherent power, if it made a finding
of bad faith.  <u>Id.</u>  In <u>McCabe</u>, the trial judge accepted the
defense attorney's statement that the answer was not timely filed
due to "inadvertence."  <u>Id.</u> at 640.  The Ninth Circuit reasoned

that because the trial judge is in a better position to assess counsel's credibility and the defendants had participated in discovery, it was likely that an inadvertent good faith failure to file an answer occurred. Id. Therefore, the court concluded that the trial judge did not abuse his discretion in denying the plaintiffs' request that the defendant's affirmative defenses be stricken. Id.

Similar to the trial judge in McCabe, the Court finds that striking Defendants' affirmative defenses due to the untimeliness of their Answer is unwarranted. Although Defendants fail to offer an explanation, such as inadvertence, as to why their Answer was more than nine months late, the Court is unable to make a finding of bad faith. Rather, the record shows that Defendants have demonstrated an intent to defend the case on the merits by filing a motion to dismiss and participating in discovery. See, e.g., Exhs. A-D to Opposition.

Moreover, the Court does not find that Plaintiff will be unfairly prejudiced by allowing Defendants to assert their affirmative defenses. Here, Plaintiff has not identified what specific discovery or other litigation it will have to undertake that she would not otherwise have had to if the Answer had been timely filed. In addition, the Court notes that there is significantly less prejudice in this case than in McCabe, because Plaintiff still has ample time to complete its discovery prior to trial. See Amended Rule 16 Scheduling Order, filed March 21,

2011, dkt. no. 40 (setting a discovery cutoff date of December 9, 2011 and a trial date of February 7, 2012).

Finally, the Court rejects Plaintiff's argument that Defendants' assertion of their affirmative defenses somehow would deprive Plaintiff from a trial on the merits. If anything, the reverse might be true if Plaintiff's Motion were to be granted. Although Plaintiff asserts that she is not seeking a default judgment, in some cases, a defendant's affirmative defenses can constitute the very core of his or her defense in an action. In such a case, "a motion to strike is not attempting to remove throwaway boilerplate that might be cluttering the case, but to resolve the essence of the case itself." Oneida Tribe of Indians of Wis. v. Vill. of Hobart, No. 10-C-137, 2010 WL 4363324, at *1 (Oct. 28, 2010). Further, the case Plaintiff relies on as authority to partially strike Defendants' Answer, Canady v. Erbe Elektromedizin GcbH, 307 F. Supp. 2d 2 (D.C.C. 2004), was distinguished for that very proposition by another district court within the Ninth Circuit. See Kirola v. City & Cnty. of San Francisco, No. C 07-3685, 2011 WL 89722, at *3 (N.D. Cal. Jan. 11, 2011) (holding that Canady does not support the position that a portion of a pleading may be stricken if the entire pleading is untimely filed). Accordingly, the Court finds that the untimeliness of Defendants' Answer is not sufficient to strike Defendants' affirmative defenses.

**C.    Insufficiency of Affirmative Defenses**

Plaintiff also contends that Defendants' affirmative defenses, and particularly Defendants' statute of limitation defense, is factually insufficient.  Plaintiff argues that she timely initiated this lawsuit within the two-year statute of limitations for ERISA actions because she first learned of the cancellation of her husband's life insurance policy on February 22, 2008 and filed her Complaint on February 19, 2010.[2] Plaintiff also asserts that there is no evidence that Defendants' waiver, estoppel, laches, standing, or real party in interest affirmative defenses are applicable.

However, the Court cannot conclude that these affirmative defenses have no possible bearing on this action. See Wailua Assocs., 183 F.R.D. at 553-54.  Here, there is evidence in the record indicating that Plaintiff's husband's life insurance policy was cancelled on February 28, 2001 (see Compl. ¶ 1) and that Plaintiff was not appointed as the Personal Representative of her husband's estate until May 3, 2011 (see Opposition at 8; Ex. H to Opposition; Reply at 5).  Defendants have also cited Hawaii case law stating that "the applicable limitation period is not tolled, nor is its onset postponed by

---

[2] The Court notes that Plaintiff's Motion asserts that the applicable statute of limitations is two years (see Motion at 6), but Plaintiff's Reply states that Plaintiff has six years from the date she discovered Defendants' alleged fraudulent concealment to file her complaint (see Reply at 4).

delays in the appointment of a personal representative." See Opposition at 8 n. 2 (quoting Silva v. City & Cnty. of Honolulu, 115 Hawai'i 1, 9, 165 P.3d 247, 255 (2007)).  Although Silva did not involve an ERISA action, Defendants have raised sufficient facts to call into question Plaintiff's ability to file her February 19, 2010 Complaint.  Therefore, the Court finds that Defendants' affirmative defenses are factually sufficient to preclude an FRCP 12(f) motion to strike.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Strike Defendants' Affirmative Defenses, filed April 12, 2011, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 14, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

YONESHIGE V. IDA ET AL.; CIVIL NO. 10-00084 LEK-RLP; FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES

10