```
               IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

ESTATE OF RODNEY HIRATA,      )    CIVIL NO 10-00084 LEK
AUDREY YONESHIGE, TRUSTEE AND )
BENEFICIARY,                  )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
JOHN J. IDA, IN HIS           )
INDIVIDUAL AND OFFICIAL       )
CAPACITIES, ET AL.,           )
                              )
          Defendant.          )
_____ )
```

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
<u>AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION AS MODIFIED</u>**

On June 14, 2011, the magistrate judge filed his Findings and Recommendation to Deny Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("F&R"). On June 28, 2011, Plaintiff the Estate of Rodney Hirata, Audrey Yoneshige, Trustee and Beneficiary ("Plaintiff"), filed her objections to the F&R ("Objections"). Defendants John J. Ida, Lorrin T. Matsunaga, and Urban Works, Inc. ("UWI") (collectively "Defendants") filed their response to Plaintiff's Objections ("Response") on July 12, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the

parties' submissions and the relevant legal authority, the Court HEREBY DENIES Plaintiff's Objections and ADOPTS the magistrate judge's F&R, as modified by this Order, for the reasons set forth below.

## BACKGROUND

Rodney Hirata was a UWI employee from July 1, 1985 until his death on December 19, 2007. Plaintiff filed the instant Employee Retirement Income Security Act ("ERISA") action on February 19, 2010. Count I of the Complaint alleges that Defendants violated 29 U.S.C. § 1132(c)(1)(B) by failing to respond to Audrey Yoneshige's request for information about the valuation of Hirata's UWI stock within thirty days after the request. The Complaint alleges that this violation is actionable pursuant to 29 U.S.C. § 1132(a)(1)(A) and seeks a penalty of $51,000. Count II of the Complaint alleges that Defendants violated 29 U.S.C. § 1109(a)(1) by failing to notify Hirata and/or his beneficiary of the February 28, 2001 cancellation of UWI's group life insurance policy until February 28, 2008. As to Count II, the Complaint prayed for remedial damages of $150,000 or equitable relief in the form of restitution, specific performance, and/or a constructive trust of $150,000, or other appropriate relief.

On May 28, 2010, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss

Complaint. [Dkt. no. 24.] The Court dismissed Count I in its entirety and dismissed Count II as to Plaintiff's claim for monetary damages, restitution, specific performance, and constructive trust, leaving only Count II's general prayer for appropriate equitable relief. [Id. at 20.] The Court dismissed Count I and the portion of Count II seeking specific performance and constructive trust without prejudice, [id.,] but Plaintiff did not file an amended complaint.

Defendants filed a Motion to Strike Plaintiff's Jury Demand on August 11, 2010. [Dkt. no. 28.] Plaintiff did not respond to this motion, and the Court issued an order granting the motion on September 16, 2010. [Dkt. no. 30.]

After this Court issued the order on the motion to dismiss, in addition to moving to strike the jury demand, Defendants participated in scheduling conferences and a settlement conference. [Dkt. nos. 26, 33, 36.] Defendants, however, did not file their answer to Plaintiff's Complaint ("Answer") until March 22, 2011. [Dkt. no. 42.]

I. **Motion to Strike**

On April 12, 2011, Plaintiff filed her Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike"). [Dkt. no. 46.] Plaintiff argues that: there was no explanation for Defendants' failure to file their Answer until ten months after it was due; and she will suffer substantial prejudice unless the

3

Court strikes the affirmative defenses asserted in the Answer. Plaintiff contends that her request to strike only the defenses, as opposed to the entire answer, is a limited request that would still allow the case to proceed to trial on the merits. Plaintiff also argues that all of the affirmative defenses Defendant asserted in the Answer "are factually insufficient, will not affect the case outcome and therefore should be stricken." [Mem. in Supp. of Motion to Strike at 7.]

Defendants filed their memorandum in opposition to the Motion to Strike on May 20, 2011. [Dkt. no. 49.] Defendants argue that Plaintiff is not entitled to strike the affirmative defenses asserted in the Answer because there is no indication that Plaintiff realized Defendants failed to answer prior to March 22, 2011, and therefore she suffered no prejudice from the "inadvertently belated filing of their answer." [Mem. in Opp. to Motion to Strike at 3.] Further, Defendants have been fully participating in this litigation and have consistently demonstrated their intent to defend themselves on the merits. Finally, Defendants argue that Plaintiff has not established that any of the defenses are "either insufficient as a matter of law, redundant, immaterial, impertinent or scandalous" pursuant to Fed. R. Civ. P. 12(f). [Id. at 2.]

Plaintiff filed her reply on May 26, 2011, primarily reiterating and expanding upon the arguments raised in the Motion

to Strike.  [Dkt. no. 51.]

In the F&R, the magistrate judge noted that the late filing of an answer does not automatically require the exclusion of the defendant's affirmative defenses.  The magistrate judge compared the instant case to McCabe v. Arave, 827 F.2d 634, 639-40 (9th Cir. 1987), in which the Ninth Circuit held that the district judge did not abuse his discretion in denying the plaintiffs' request to strike the affirmative defenses in the answer, which the plaintiffs did not receive until the day of trial.  The magistrate judge found that, as in McCabe, the record in the instant case does not support a finding of bad faith and demonstrates Defendants' intent to defend the case on the merits.  Further, the magistrate judge noted that the prejudice to Plaintiff in the instant case is less than the prejudice to the plaintiff in McCabe because Plaintiff will have ample time to address the defenses during pre-trial discovery.  [F&R at 6-7.] The magistrate judge also stated that he could not conclude that the asserted defenses had no possible bearing on the case.  [Id. at 9 (citing Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553-54 (D. Hawai`i 1998)).]  The magistrate judge ultimately found that the asserted defenses are factually sufficient for purposes of a Rule 12(f) motion to strike and recommended that the Motion be denied.  [Id. at 10.]

**II. Objections and Response**

Plaintiff raises two objections to the F&R: 1) the magistrate judge improperly applied McCabe in considering whether the untimely filing of Defendants' Answer warrants striking the asserted defenses; and 2) the magistrate judge employed faulty reasoning in applying Wailua Associates in evaluating the sufficiency of Defendants' affirmative defenses because that case is not factually on point.

In the Response, Defendants urge the Court to overrule Plaintiff's Objections. Defendants contend that the procedural differences between McCabe and the present case do not render the McCabe analysis inapplicable to the present case. Defendants also argue that Plaintiff has not established prejudice, nor has she presented evidence that Defendants' failure to file a timely answer was intentional or in bad faith. Finally, Defendants urge the Court to overrule Plaintiff's second objection because the magistrate judge accurately applied Wailua Associates.

**STANDARD**

Any party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

6

>             magistrate judge. The judge may also receive
>             further evidence or recommit the matter to the
>             magistrate judge with instructions.

§ 636(b)(1). "[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. 667, 676 (1980) (citation omitted); accord Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz). Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## DISCUSSION

### I. Plaintiff's First Objection - Whether McCabe Applies

Plaintiff seeks an order striking Defendants' defenses as a sanction for their untimely filing of the Answer. "'For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on.'" In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996) (some citations omitted) (quoting Cunningham v. Cnty. of Los Angeles, 879 F.2d 481, 490 (9th Cir. 1988)); see also Montgomery v. Etreppid Techs., LLC, Nos. 3:06-CV-00056-PMP-VPC, 3:06-CV-00145-PMP-VPC, 2010 WL 1416771, at *15 (D. Nev. Apr. 5, 2010) (citing Keegan); Swanson v. EMC Mortg. Corp., No. CV F

7

09-1507 LJO DLB, 2010 WL 1173089, at *2 (E.D. Cal. Mar. 23, 2010) (some citations omitted) (quoting Cunningham); Crane v. Native Am. Air Ambulance, Inc., No. CV 06-092 TUC FRZ (HCE), 2007 WL 625917, at *21 (D. Ariz. Feb. 23, 2007) (some citations omitted) (quoting Keegan).

In her Motion to Strike, Plaintiff first notes that Defendants' Answer was untimely pursuant to Fed. R. Civ. P. 12(a)(4)(A). [Mem. in Supp. of Motion to Strike at 1.] Rule 12, however, does not specify a sanction for the failure to file a timely answer. Plaintiff therefore argues that the Court should strike Defendants' affirmative defenses pursuant to Rule 12(f), which allows a court to strike, *inter alia*, an "insufficient defense". [Id. at 3.] Plaintiff acknowledges that a district court has "considerable discretion" in considering a Rule 12(f) motion to strike and that striking a pleading is a drastic remedy which courts should use sparingly. [Id. at 3-4.]

The magistrate judge relied upon McCabe in finding that the untimeliness of Defendants' Answer did not warrant striking their affirmative defenses. [F&R at 7.] The Court agrees with Plaintiff that McCabe is inapplicable to the instant case, although not for the reasons articulated in the Objections. As in the present case, the defendants in McCabe failed to file a timely answer as required by Rule 12, and the plaintiffs requested that the district court strike the defenses in the

untimely answer. 827 F.2d at 639. The Ninth Circuit analyzed whether the district court could have imposed sanctions under its inherent powers. Id. at 640. The Ninth Circuit noted that the imposition of sanctions under the district court's inherent powers requires a finding of bad faith and that the district court accepted defense counsel's representation that the failure to file a timely answer was inadvertent. The Ninth Circuit stated that it could not hold that the denial of sanctions was an abuse of discretion because the district court was in a better position to evaluate defense counsel's credibility. Further, the defendants' participation in discovery also indicated that they acted in good faith. Id. Although not addressed in the discussion of whether the denial of sanctions under the district court's inherent powers was an abuse of discretion, the Ninth Circuit also noted that the district court denied sanctions based on a finding that the untimely filing of the answer did not prejudice the plaintiffs. Id. at 639.

The present case, however, is distinguishable from McCabe because Plaintiff's Motion to Strike does not expressly invoke this Court's inherent powers as the basis for striking Defendants' affirmative defenses. The plaintiffs in McCabe did not expressly rely on the district court's inherent powers, id. at 639, but this does not mean that this Court should also *sua sponte* consider striking Defendants' defenses under the Court's

inherent powers.  Unlike in the instant case, the plaintiffs in McCabe were pro se, and the Ninth Circuit expressly relied upon their pro se status in considering whether sanctions were available under the district court's inherent powers.  Id. at 640 n.6 ("Although the authority cited by the plaintiffs is incorrect, courts are to make reasonable allowances for pro se litigants and to read pro se papers liberally.  The analysis, therefore, includes the possibility of the court imposing sanctions based on its inherent powers." (citation omitted)).  In the present case, Plaintiff is not pro se, and the Court declines to liberally construe the Motion to Strike as seeking sanctions under the Court's inherent powers.  See generally Jackson v. Carey, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and quotation marks omitted)).  McCabe is therefore inapplicable to the instant case, and the Court declines to adopt the portion of the F&R based on McCabe.[1]

---

[1] This portion of the F&R is in the ANALYSIS section, part B, beginning with the sentence - "For example, in McCabe v. Arave, 827 F.2d 634, 639-40 (9th Cir. 1987), the Ninth Circuit held that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial." - and ending with the sentence - "See Amended Rule 16 Scheduling Order, filed March 21, 2011, dkt. no. 40 (setting a discovery cutoff date of December 9, 2011 and a trial date of February 7, 2012)."  [F&R at 6-8.]

In a subcategory of Plaintiff's objection to the F&R's McCabe analysis, Plaintiff also argues that the magistrate judge incorrectly applied Oneida Tribe of Indians of Wisconsin v. Village of Hobart, No. 10-C-137, 2010 WL 4363324, at *1 (E.D. Wis. Oct. 28, 2010), and Kirola v. City & County of San Francisco, No. C 07-3685, 2011 WL 89722, at *3 (N.D. Cal. Jan. 11, 2011). The F&R cited these cases in rejecting Plaintiff's argument that allowing Defendants' affirmative defenses to stand would deprive Plaintiff of a trial on the merits. [F&R at 8.] This Court has independently reviewed this portion of the F&R, and the Court agrees with the magistrate judge's analysis.

Thus, although this Court declines to adopt the portion of the F&R's analysis based on McCabe, the Court agrees with and ADOPTS the remainder of part B. of the ANALYSIS, including the ultimate finding of part B. that "the untimeliness of Defendants' Answer is not sufficient to strike Defendants' affirmative defenses." [F&R at 8.] The Court therefore DENIES Plaintiff's first objection to the F&R.

## II. **Plaintiff's Second Objection - Applying Wailua Associates**

Part C. of the ANALYSIS addresses whether the affirmative defenses are insufficient. [Id. at 9-10.] The magistrate judge found that Defendants' affirmative defenses were factually sufficient for purposes of Rule 12(f). [Id. at 10.] The magistrate judge cited Wailua Associates when he stated that

11

he could not "conclude that these affirmative defenses have no possible bearing on this action." [Id. at 9 (citing 183 F.R.D. at 553-54).] Plaintiff argues that the magistrate judge's reasoning based on Wailua Associates is faulty.

> Rule 12(f) grants the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The moving party bears the burden of showing that a challenged defense is insufficient. See LaFleur v. Sunbeam Prods., Inc., No C09-425 MJP, 2010 WL 1734845, at *3 (W.D. Wash. Apr. 28, 2010). A motion to strike should not be granted unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." In re New Century, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993) (quotation omitted) overruled on other grounds, 510 U.S. 517 (1994). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig., No. 08-md-1919 MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011) (alteration in original).

This Court has independently reviewed part C. of the ANALYSIS in light of these principles, and the Court agrees with the magistrate judge's analysis. The Court ADOPTS part C., including the ultimate finding of part C. that "Defendants' affirmative defenses are factually sufficient to preclude [a Fed.

12

R. Civ. P.] 12(f) motion to strike." [F&R at 10.] The Court therefore DENIES Plaintiff's second objection to the F&R.

**CONCLUSION**

On the basis of the foregoing, the Court HEREBY DENIES Plaintiff's Objections to Magistrate's Findings and Recommendations, filed June 28, 2011, and ADOPTS, as modified by this Order, the magistrate judge's Findings and Recommendation to Deny Plaintiff's Motion to Strike Defendants' Affirmative Defenses, filed June 14, 2011.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ESTATE OF RODNEY HIRATA, ETC. V. JOHN J. IDA, ETC., ET AL; CIVIL NO. 10-00084 LEK-RLP; ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION AS MODIFIED**