IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ESTATE OF RODNEY HIRATA, | ) | CIVIL NO 10-00084 LEK |
| AUDREY YONESHIGE, TRUSTEE AND | ) | |
| BENEFICIARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN J. IDA, IN HIS | ) | |
| INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITIES, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING**
**<u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

On December 21, 2012, Defendants John J. Ida, in his
individual and official capacities, Lorrin T. Matsunaga, in his
individual and official capacities, and Urban Works, Inc. ("UWI")
(collectively "Defendants") filed their Motion for Partial
Summary Judgment ("Motion"). [Dkt. no. 199.] Plaintiff Estate
of Rodney Hirata, Audrey Yoneshige, Trustee and Beneficiary
("Plaintiff") filed its memorandum in opposition on January 20,
2013. [Dkt. no. 221.] Defendants filed their reply on January
28, 2013. [Dkt. no. 230.] This matter came on for hearing on
February 11, 2013. Appearing on behalf of Defendants were Keith
Hiraoka, Esq., and Lois Yamaguchi, Esq., and appearing on behalf
of Plaintiff was Clayton Kimoto, Esq., and Jacob Merrill, Esq.
After careful consideration of the Motion, supporting and
opposing memoranda, and the arguments of counsel, Defendants'

Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only discuss the events that are relevant to the instant Motion.

On February 19, 2010, Plaintiff filed the instant Employee Retirement Income Security Act ("ERISA") action against Defendants.  The relevant allegations of the Complaint[1] are set forth in this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint  ("5/28/10 Order").  2010 WL 2179812, at *1-2.  Rodney Hirata was a UWI employee from July 1, 1985 until his death on December 19, 2007.  Plaintiff alleges that Defendants violated certain provisions of ERISA when they cancelled the group life insurance policy provided by General American Life Insurance Company (the "Policy") without providing proper notice to Hirata.  [Amended Complaint at ¶¶ 57-58.]

The original Complaint alleged the following claims: violation of ERISA, 29 U.S.C. § 1132(c)(1)(B), actionable pursuant to § 1132(a)(1)(A), based on Defendants' failure to provide Yoneshige with information about the value of Hirata's

---

[1] As noted below, Plaintiff filed an Amended Complaint on September 27, 2012 [dkt. no. 174]; however, the factual allegations in the Amended Complaint are essentially the same as those in the original Complaint, with the exception of the inclusion in the Amended Complaint of statements establishing that Audrey Yoneshige was appointed the Personal Representative of Hirata's estate.  [Amended Complaint at ¶¶ 54-56.]

stock in UWI ("Count I"); [Complaint at ¶¶ 53-55;] and violation

of ERISA, 29 U.S.C. § 1109(a)(1), actionable pursuant to §

1132(a)(2) and (3), based on Defendants' failure to notify either

Hirata or Yoneshige of the cancellation of the Policy ("Count

II") [id. at ¶¶ 56-58].

        The Complaint asked for the following relief: for Count

I, that the Court fine Defendants $54,000 and award that amount

to Plaintiff; for Count II, either remedial damages of $150,000

or appropriate equitable relief in the form of restitution,

specific performance, and/or a constructive trust in the amount

of $150,000; attorneys fees and costs; prejudgment interest; and

all other appropriate relief.  [Id. at pg. 9.]

        In the 5/28/10 Order, this Court: dismissed Count I

without prejudice; dismissed Count II with prejudice as to

Plaintiff's claim for monetary damages and Plaintiff's claim for

restitution; dismissed Count II without prejudice as to

Plaintiff's claim for specific performance and constructive

trust; and denied Defendants' motion to dismiss as to Count II's

general prayer for appropriate equitable relief.  2010 WL

2179812, at *9.  Plaintiff did not file a timely amended

complaint; thus, the only remaining claim after the 5/28/10 order

was the portion of Count II alleging a violation of 29 U.S.C. §

1109(a) and seeking other appropriate equitable relief pursuant

3

to 29 U.S.C. § 1132(a)(3).[2]

On August 28, 2012, this Court filed its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("8/28/12 Order").  2012 WL 3777148.  In the 8/28/12 Order, the Court found that there are genuine issues of material fact as to the merits of Plaintiff's ERISA claim and statute of limitations argument and, thus, declined to grant judgment as a matter of law.  <u>Id.</u> at *16.  The Court further found that an accounting for profits is a cognizable equitable remedy that would be available to Plaintiff under § 1132(a)(3)(B) if Plaintiff prevails on the merits.  The remedy consists of the profits produced by Defendants' cancellation of the Policy and by Defendants' failure to provide Hirata with timely notice of the cancellation.  The Court therefore rejected Defendants' motion for summary judgment on the issue of whether Plaintiff has identified a cognizable equitable remedy.  <u>Id.</u> at *17-18.

The Court granted Plaintiff leave to file an amended complaint establishing Yoneshige's authority to file suit on behalf of Hirata's Estate.  <u>Id.</u> at *18.  Plaintiff timely filed an Amended Complaint on September 27, 2012.  [Dkt. no. 174.]  The

---

[2] On January 25, 2012, Plaintiff filed a motion for leave to file an amended complaint to restate a claim based on stock valuation.  [Dkt. no. 76.]  The magistrate judge issued an order denying the motion on March 7, 2012.  [Dkt. no. 86.]  Plaintiff filed a motion for reconsideration on March 21, 2012, and the magistrate judge denied the motion on May 7, 2012.  [Dkt. nos. 87, 105.]

sole claim in the Amended Complaint is "Count II" claiming a violation of 29 U.S.C. § 1109(a).[3] [Amended Complaint at ¶¶ 57-58.]

## I.   Defendants' Motion

In the instant Motion, Defendants argue that, because the only remedy Plaintiff is seeking is an accounting for profits, the claims against Defendants Ida and Matsunaga in their individual capacities should be dismissed as a matter of law.

Defendants note that in the 8/28/12 Order, the Court recognized an "accounting for profits" as a potential equitable remedy for Plaintiff's sole remaining claim.  Defendants further note that Plaintiff had "expressly designated an 'accounting for profits' as her equitable remedy of choice" during the briefing prior to the 8/28/12 Order.  [Mem. in Supp. of Motion at 2 (citing Dkt. no. 97 (Plaintiff's Reply to Defendants' Motion for Summary Judgment filed February 19, 2012) at pp. 17-18; 2012 WL 3777148 at *6, 17).]

---

[3] Plaintiff's Amended Complaint seeks "appropriate equitable relief pursuant to Count I" and also asks the Court to "Fine Defendant's [sic] $54,000 pursuant to Count I and order this amount paid to Plaintiff."  The Amended Complaint does not, however, contain a "Count I," and only contains a "Count II."  It appears that the references to "Count I" in the Amended Complaint are therefore typographical errors.  In addition, this Court ruled in the 8/28/12 Order that an award for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) does not include economic damages, 2012 WL 3777148 at *16-17; and this Court rejected Plaintiff's claims for restitution in the 5/28/10 Order.  2012 WL 2179812 at *7.  As such, only Plaintiff's claim for equitable relief remains.

Defendants emphasize that UWI was the policyholder and owner of the General American group life policy, and paid all of the premiums for the policy.  Further, as plan administrator, UWI had sole authority to control and manage the operation and administration of the group policy.  As defined by this Court in the 8/28/12 Order, an accounting for profits is "the profits produced by Defendants' cancellation of the Policy and by Defendants' failure to provide Hirata with timely notice of cancellation."  [Id. at 5-6 (quoting 2012 WL 3777148 at *18).] Defendants contend that the definition necessarily refers to the profits of the corporate defendant, UWI, rather than the individual Defendants.  For the remedy to be applicable, any alleged negligence or wrongdoing by or on behalf of UWI by Defendants Ida and Matsunaga had to have been done in their official capacities.  As such, Defendants argue that the accounting for profits cannot apply to Defendants Ida and Matsunaga in their individual capacities.  [Id. at 6-7 (citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-214, 122 S. Ct. 708, 714-715 (2002) ("For restitution to lie in equity, the action generally must seek not to impose personal liability on defendant, but to restore to plaintiff particular funds or property in the defendant's possession.")).]

Defendants thus urge the Court to grant the Motion and to dismiss Plaintiff's claims against Defendants Ida and

Matsunaga in their individual capacities.  [Id. at 8.]

## II.  **Plaintiff's Opposition**

In its memorandum in opposition, Plaintiff argues that Matsunaga and Ida breached a fiduciary duty and are thus liable in their individual capacities.  [Mem. in Opp. at 4-5 (citing Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300 (3rd Cir. 2008) (stating that a plan administrator breached its fiduciary duty when it refused to pay a claim without justification).]

Plaintiff argues that Defendants Matsunaga and Ida exercised control over UWI and its decision making regarding the Policy, and owed a fiduciary duty to Hirata to safeguard his rights under the Policy.  [See Plaintiff's CSOF at ¶ 1.] Plaintiff alleges that Matsunaga and Ida "made decisions to contract for the Policy and to cancel that policy without notifying Hirata," and that they may therefore be held individually liable.  [Id. at 5-6.]

Plaintiff argues further that, as employers, plan administrators, and controlling stockholders, Matsunaga and Ida should be individually liable under a theory of "piercing the corporate veil."  [Id. at 10-12 (citing Robert's Hawai`i School Bus, Inc. v. Laupahoehoe Transp. Co., Inc., 91 Hawai`i 224, 982 P.2d 853 (1999))].  Plaintiff argues that Matsunaga and Ida had control over UWI, and that there will be an unjust result if they cannot be held liable in their individual capacities.  [Id. at 12

7

(citing <u>Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Service, Inc.</u>, 736 F.2d 516 (9th Cir. 1984)).]

Plaintiff therefore urges the Court to deny the Motion. [<u>Id.</u> at 13.]

## III. **Defendants' Reply**

In their reply, Defendants reiterate that only Plaintiff's general prayer for equitable relief pursuant to Count II remains, and that Plaintiff is not entitled to monetary damages, as stated in this Court's previous Orders. [Reply at 2-3.] Defendants emphasize that Plaintiff's designated equitable remedy of choice, an accounting for profits, by definition applies to the corporate defendant, rather than the individual defendants. [<u>Id.</u> at 3.] Defendants note that Count II (the only count) of the Amended Complaint alleges "breach of an ERISA plan administrator's fiduciary [duty] to timely notify Rodney of the Life Insurance Plan's cancellation." UWI, rather than the individual defendants, was the plan administrator. [<u>Id.</u> (quoting Amended Complaint at ¶ 58).] Any claims of wrongdoing by Defendants Ida and Matsunaga must be in their official capacities in order for Plaintiff to seek equitable relief against UWI. [<u>Id.</u> at 5 (citing <u>Great-West</u>, 534 U.S. at 213-14.)]

Defendants therefore urge the Court to grant partial summary judgment in their favor as to any claims against Defendants Ida and Matsunaga in their individual capacities.

8

[Id. at 12.].

## STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## DISCUSSION

Plaintiff's sole remaining claim is the portion of Count II alleging a violation of 29 U.S.C. § 1109(a) and seeking "other appropriate equitable relief" pursuant to 29 U.S.C. § 1132(a)(3).  Section 1109 provides, in relevant part: "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be . . . subject to such other equitable or remedial relief as the court may deem appropriate . . .."  29 U.S.C. § 1109(a).

Plaintiff alleges that Defendants breached their fiduciary duties as plan administrators by failing to provide employees with timely notice of the termination of the Policy. As this Court stated in its 5/28/10 Order, while an employer has the right to terminate an ERISA-governed benefit plan, the plan administrator has a fiduciary duty under ERISA to provide employees with timely notice of the termination of benefits.  See Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1070-72 (9th

Cir. 2005) (holding that the plan administrator had a fiduciary duty to provide timely notification of the cancellation of the company's long-term disability insurance plan).  Thus, for purposes of Plaintiff's ERISA claim, Defendants' duties necessarily arise out of their official roles as Plan fiduciaries.  As such, to the extent Plaintiff's claim is based upon the actions of the individual Defendants, it must be based upon actions taken by them as fiduciaries and, thus, in their official capacities as president and vice president of UWI.

To the extent that Defendant Matsunaga will argue that he was acting as a private individual (i.e., as Hirata's friend), rather than in his official capacity, when he made his alleged promise about using Plan proceeds to pay for Hirata's medical bills, any such promise would not be actionable under ERISA precisely because, in such a case, Matsunaga would not be acting in his official capacity as a Plan fiduciary.  See 29 U.S.C. § 1109(a) (authorizing suit against "[a]ny person who is a fiduciary with respect to a plan" who breaches his or her fiduciary duties under ERISA).  Likewise, Plaintiff's allegation that Matsunaga and Ida actively and deliberately misled Hirata and Yoneshige to their detriment is simply a factual allegation supporting Plaintiff's ERISA claim, and does not constitute a separate fraud-based claim against the individual Defendants in their individual capacities.

10

Plaintiff's only claim against Defendants is based upon ERISA and, as such, necessarily involves actions taken by Defendants as Plan fiduciaries in their official, rather than individual, capacity.[4]  As Defendants rightly point out, Plaintiff's claim for equitable relief against Defendants Ida and Matsunaga in their official capacities remains for trial.  [See Reply at 2 n.1.]  The claims against Ida and Matsunaga in their individual capacities, however, must fail.  As such, this Court FINDS that the claims against Defendants Ida and Matsunaga in their individual capacities should be dismissed as a matter of law.

## CONCLUSION

On the basis of the foregoing, the Defendants' Motion for Partial Summary Judgment, filed December 21, 2012, is HEREBY GRANTED.

IT IS SO ORDERED.

---

[4] The Court notes that Plaintiff appears to make a claim for punitive damages for the first time in the memorandum in opposition.  [See Mem. in Opp. at 6-9.]  Plaintiff may not raise in its opposition claims not mentioned in the Amended Complaint, and, as such, this Court need to address such claims.

11

DATED AT HONOLULU, HAWAII, February 21, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ESTATE OF RODNEY HIRATA VS. JOHN J. IDA, ETC., ET AL; CIVIL NO. 10-00084 LEK-RLP; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**